# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THEODORE J. THOMPSON,

        Plaintiff,

vs.

WELLS FARGO INC., *et al.*,

        Defendants.

Case No. 2:08-cv-01227-RCJ-GWF

**FINDINGS AND RECOMMENDATIONS**

Second Amended Complaint (Dkt. #7)

      This matter is before the Court on Plaintiff's Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt #7), filed on February 24, 2009.

## BACKGROUND

      On September 15, 2008, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* and a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Dkt. #1). The Court granted Plaintiff's application to proceed *in forma pauperis* and screened Plaintiff's Complaint on September 23, 2008. (Dkt. #1), dismissing the Complaint without prejudice due to Plaintiff's failure to demonstrate that the Defendants were state actors for the purpose of 42 U.S.C. § 1983 and that the Court had subject-matter jurisdiction to hear the state law claims against Defendants. Plaintiff was granted leave to file an amended complaint, which he promptly filed on October 14, 2008. (Dkt. #5). Plaintiff then filed a Second Amended Complaint on February 24, 2009 (Dkt. #7), which the Court now considers.

      This is a civil rights action filed by Plaintiff, who is an inmate at the High Desert State Prison located in Indian Springs, Nevada. Plaintiff alleges that Defendants Wells Fargo Inc., Rennisance

1  Reality, Eric Holmes or Eric Humer and one "Doe" associate violated his First[1] and Fourteenth
2  Amendment right to due process of law by unlawfully evicting Plaintiff from his residence and
3  depriving Plaintiff of his private property.  Plaintiff further alleges that Defendants violated Nevada
4  state law by "committing theft" of Plaintiff's property, and causing him to suffer both intentional
5  infliction of emotional distress and negligent infliction of emotional distress.

6  According to the Second Amended Complaint, in January 2007, Plaintiff entered into a
7  residential rental agreement with James Hill and Neaomi Umurrura.  In December 2007, Plaintiff states
8  that an unidentified employee of Wells Fargo Bank Inc. changed the locks to his home because the
9  owner of the residence was delinquent with the mortgage payments.  He was later allowed back into the
10 property.  Plaintiff alleges that the locks to the residence were changed again in May 2008 and
11 Plaintiff's personal property had been removed.  When Plaintiff confronted Eric Holmes of Rennisance
12 Reality about the removal of his property, Mr. Holmes informed Plaintiff that he was hired by Wells
13 Fargo Bank to "clear out" the foreclosed home.  Plaintiff alleges that without any foreclosure or
14 eviction notice, Eric Holmes informed Plaintiff that his personal property had been disposed of and the
15 residence had been boarded shut.

16 **DISCUSSION**

17 **I.    Screening Complaint**

18 Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
19 complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
20 dismiss a case if the action is legally "frivolous or malicious, fails to state a claim upon which relief
21 may be granted, or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.
22 § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon
23 which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in
24 support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th

---

[1] The First Amendment does not provide Plaintiff a right to due process of law.  The right to due process in the actions of the federal government is guaranteed by the Fifth Amendment to the U.S. Constitution.  The right to due process in the actions of state government is guaranteed by the Fourteenth Amendment.

Cir. 1992).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Civil Rights Claim

42 U.S.C. § 1983 is the vehicle through which plaintiffs can seek redress for violations of rights secured by the United States constitution and laws. In order to state a claim under § 1983, the plaintiff must show (1) a deprivation by the defendant of a right secured by the United States constitution or laws and (2) that the defendant deprived plaintiff of this right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604 (1970); *Jacobson v. Tahoe Regional Planning Agency*, 558 F.2d 928, 941 (9th Cir. 1977); *Barragan v. Landry*, 2008 WL 873347, *6 (D. Nev. 2008).

Section 1983 states in relevant part:

> Every person who, under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding from redress, ....

42 U.S.C. § 1983.

Plaintiff filed his complaint alleging that Defendants violated his Fourteenth Amendment right to due process by failing to follow Nevada eviction law. The substance of Plaintiff's allegations reveal, however, that Plaintiff is not alleging a civil rights violation under § 1983. There are two basic elements that a plaintiff is required to allege to have a claim under § 1983. First, plaintiff must allege that someone has deprived him of a right guaranteed to him by the federal constitution. The second is that the person who deprived him of that right acted under color of state law.

1    Once the plaintiff alleges that his federal civil rights have been violated, then a plaintiff must
2    show that those rights were violated by a *person* acting under color of *state* law.  This means that
3    plaintiff must name a person as a defendant in the complaint and that person must have acted under
4    what is called "color of state law."  Persons acting under color of state law typically include officials
5    who in some capacity represent either the state, city, or county government.  *See Monroe v. Pape*, 365
6    U.S. 167, 81 S.Ct. 473 (1961), *partially overruled on other grounds by Monell v. Department of Social*
7    *Services of City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978).  For purposes of bringing
8    a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a
9    municipality such as a town, city, or one of its bodies such as the police or fire department.  *Monell*, 436
10   U.S. at 663.  Private persons who are not government officials may also be sued, but they and their
11   actions must be very closely tied to the government in order to be considered "acting under color of
12   state law."  *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).

13   Plaintiff's claims against Defendants Wells Fargo Inc., Rennisance Reality, Eric Holmes or Eric
14   Humer, and one "Doe" associate do not allege that a federal constitutional right was violated by a
15   government official.  For purposes of § 1983, Defendants are private actors and are not deemed
16   government officials acting under the color of state law.  As a result, Plaintiff has not alleged that his
17   constitutional rights were violated by a person acting under the color of state law.  He has failed to state
18   a claim upon which relief may be granted under § 1983.  Nor has Plaintiff's Complaint alleged
19   jurisdictional facts which would support federal subject matter jurisdiction over his state law claims
20   based on diversity of citizenship between Plaintiff and all Defendants and the amount in controversy
21   requirement pursuant 28 U.S.C. § 1332.

22   The Court will recommend that Plaintiff's claims be dismissed with prejudice.  Plaintiff was
23   previously granted leave to amend his complaint in order to allege facts which would establish a claim
24   under 42 U.S.C. § 1983 or to show that subject matter jurisdiction exists based on diversity of
25   citizenship.  Plaintiff failed to cure his jurisdictional and § 1983 claim issues.  Accordingly,

26                                   **RECOMMENDATION**

27   Based on the foregoing, it is the **recommendation** of the undersigned United States Magistrate
28   Judge that Plaintiff's claims against Defendants Wells Fargo Inc., Rennissance Reality, Eric Holmes or

Eric Humer and one "Doe" associate should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of July, 2009.

*George Foley Jr.*
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**